# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY a/s/o THOMAS E. KEARNS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-436-JTM-JEM |
| ) | |
| FORD MOTOR COMPANY, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff State Farm Fire & Casualty Company a/s/o Thomas E. Kearns Motion to Extend Deadline for Plaintiff's Disclosure of Expert Reports [DE 37], filed December 14, 2018. Plaintiff requests an extension of the deadline to disclose its expert disclosures and reports. A response was filed by Defendant on January 7, 2019, and a hearing was held on the motion on January 9, 2019, setting a briefing schedule. In response to the Court's scheduling order, Plaintiff filed a renewed brief in support on January 24, 2019. On February 4, 2019, Defendant filed a response, and on February 7, 2019, Plaintiff filed a reply.

**I.  Background**

On January 24, 2017, Plaintiff filed its Complaint seeking damages allegedly caused by defects in a product manufactured by Defendant, and the matter was removed to this Court on November 22, 2017. At a scheduling conference held on January 18, 2018, the Court set a deadline of July 1, 2018, for Plaintiff to provide its expert witness disclosures and reports to Defendant and a deadline of September 1, 2018, for Defendant to provide its expert reports.

On June 11, 2018, Attorney Hall, counsel of record for Plaintiff, left the law firm that represented Plaintiff. On July 26, 2018, a new attorney from the same law firm entered his appearance on behalf of Plaintiff, but Plaintiff asserts that in August, 2018, it informed the law firm

that it wished to transfer the case to another firm and began the process of transferring the file. Attorney Thomas, at the new law firm, entered his appearance on behalf of Plaintiff on October 16, 2018.

On July 31, 2018, the parties jointly requested an extension of some discovery-related deadlines, including the deadline for Defendant to provide its expert witness disclosures and reports to Plaintiff. On November 20, 2018, the Court granted a second request to extend the same deadline through December 17, 2018. Plaintiff filed its initial request for extension of its expert disclosure deadline on November 30, 2018, denied for technical reasons, and refiled it as the instant Motion on December 14, 2018.

## II. Analysis

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Moreover, the scheduling order set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16 is stricter than that of Rule 6, because the movant must show diligence, not just excusable neglect, to justify the extension. *See McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (comparing the two standards); *Simstad v. Scheub,* No. 2:07-CV-407, 2014 WL 5094142, at *1 (N.D. Ind. Oct. 10, 2014) ("good cause is shown when despite a party's diligence, the deadlines could not reasonably have been met"). In determining whether good cause under Rule 16 has been shown, the Court's primary

inquiry is the diligence of the requesting party. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Plaintiff requests that it be permitted to provide an expert report of Ross Ott to Defendant, although its deadline has expired, arguing that it has good cause for the extension and that the failure to seek an extension before the deadline expired was due to excusable neglect despite the exercise of diligence by its current counsel. Defendant objects to the late provision of an expert report and argues that it will suffer prejudice if the late provision is allowed.

Plaintiff argues that his failure to seek an extension before the deadline expired was due to excusable neglect and is attributable to the handoff of the case between Plaintiff's prior counsel and his current attorney. Plaintiff asserts that it identified Ott as a witness with its initial disclosures, and timely provided its other expert reports to Defendant. Counsel for Plaintiff represents that he received the case file from Plaintiff's previous attorneys in September, 2018, and on November 9, 2018, realized that Ott had not completed a written report. He represents that he contacted Defendant for agreement to an extension of Plaintiff's expert report deadline, and agreed to an extension of Defendant's expert report deadline, but that the parties were unable to reach an agreement. Plaintiff first moved for an extension of the expert report deadline on November 30, 2018, shortly after he realized the need for the extension and attempted to reach agreement from Defendant. Plaintiff represents that Ott completed his expert report on December 5, 2018, and that it has not been modified in any way since Defendant made its expert disclosures on December 17, 2018. Plaintiff argues that it will suffer significant prejudice if it is not permitted to disclose Ott's expert report, because it will be left unable to rely on a report that eliminates a number or potential sources as the cause of the fire at issue in this case. The Court concludes that, although it is far from ideal that

3

Plaintiff's prior attorneys failed to request the needed extension, counsel for Plaintiff acted with diligence upon realizing that the report had not been obtained or provided to Defendant, and has demonstrated good cause for an extension of the deadline in order to provide a single, already-obtained expert report.

Defendant argues that it will suffer prejudice if Plaintiff is allowed to tender Ott's report now, after Defendant has already provided its expert reports. However, this is not a situation where a plaintiff failed to obtain or disclose any of its expert reports until after a defendant's expert disclosures. *Cf. Smetzer v. Newton*, No. 1:10-CV-93, 2012 WL 1900118, at *3 (N.D. Ind. May 23, 2012) ("[The plaintiff]'s belated filing would reverse the normal order of expert disclosures, affording [the plaintiff] – who carries the burden of proof – the opportunity to respond to and rebut Defendants' expert."). Instead, Plaintiff timely provided the reports of two of its experts, informed Defendant of the needed extension, and obtained Ott's report before receiving any expert reports from Defendant. Although Defendant's reports were created without the benefit of having already received Ott's report, the prejudice resulting from that is relatively mild and can be cured by allowing additional expert discovery, with the costs for reasonable additional necessary depositions or supplementation to be borne by Plaintiff. Plaintiff also argues that the prejudice is minimal since Ott's report has a separate focus from those of Defendant's experts; that is, Defendant's experts are vehicle investigators, and their reports deal with whether the vehicle caused the fire, while Ott's report addresses the garage and home structures and other possible causes of the fire besides the vehicle. Furthermore, Defendant had notice that Plaintiff wished to disclose an additional witness approximately a month prior to its own expert report disclosure, and could have alleviated some of

4

the prejudice by coming to an agreement about an extension so that it had time to received Ott's report before finalizing its own.

## III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff State Farm Fire & Casualty Company a/s/o Thomas E. Kearns Motion to Extend Deadline for Plaintiff's Disclosure of Expert Reports [DE 37] and **ORDERS** that Plaintiff is to provide the expert report of Ott to Defendant on or before **April 1, 2019**, and to pay the reasonable additional expense incurred by Defendant in depositions or modifications to its expert reports that it would not have had to expend if the report had been timely provided.

SO ORDERED this 22nd day of March, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record